99 F.3d 1146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert P. PERRETEN, Plaintiff-Appellant,
v.
BURLINGTON NORTHERN RAILROAD COMPANY, Defendant-Appellee.
Robert P. PERRETEN, Plaintiff-Appellee,
v.
BURLINGTON NORTHERN RAILROAD COMPANY, Defendant-Appellant.
 Nos. 95-35459, 95-35546.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1996.*
Decided Oct. 21, 1996.
 
 Before: WRIGHT, SCHROEDER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The railroad argues the district court abused its discretion in granting Mr. Perreten an extension to file his notice of appeal. The standards for "excusable neglect" have been liberalized from what they previously were in this circuit by Pioneer Investment Services Co. v. Brunswick Assocs., 113 S.Ct. 1489 (1993); Marx v. Loral Corp., 87 F.3d 1049, 1053-54 (9th Cir.1996). The word "neglect" "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." Pioneer, 113 S.Ct. at 1495. The determination that neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include ... the danger of prejudice ..., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was in the reasonable control of the movant, and whether the movant acted in good faith." Id. at 1498.
 
 
 3
 Mr. Perreten's lawyer told him immediately before the notice of appeal was due that he could not file it, because of his absorption in his political campaign. That left Mr. Perreten unrepresented and unable to perfect his appeal. Inability to perfect his appeal was not his fault. Substitute counsel contacted by Mr. Perreten did not wish to prepare a notice of appeal for him, if previous counsel could be persuaded to do it, or Mr. Perreten could do it himself. The district court exercised discretion according to appropriate criteria, and did not abuse it.
 
 
 4
 The district court ruled in the alternative, that Mr. Perreten's claims were preempted by the Railway Labor Act, and barred by the statute of limitations. While we intimate no error in the preemption decision, our resolution of the statute of limitations, issue makes it unnecessary to reach the question of preemption.
 
 
 5
 The parties agree that the statute of limitation was three years. Mont.Code § 27-2-204. The complaint was filed November 5, 1993. The complaint does not in so many words state the date on which the railroad wrongfully failed to rehire Mr. Perreten, but it expressly incorporates by reference as part of the complaint an attached order of February 12, 1992 by the Montana Public Service Commission. The Commission report says at paragraph 32 that "the third trick was abolished September 9, 1988 and the second trick was abolished May 1, 1990." The "tricks" are workshifts--late shift and graveyard shift in this case. See Commission Report, paragraph 56. These dates mean that the statute of limitations ran out on whatever claims Mr. Perreten might have arising out of abolition of the shifts on September 8, 1991 and April 30, 1993. He did not file his complaint until six months after the second of the two limitations periods elapsed.
 
 
 6
 Mr. Perreten argues that the limitations period should run from the time the Commission decided the case, which is to say that it should be tolled until the Commission decision was made. But there was no law requiring Mr. Perreten first to bring a claim before the Commission, or to await a Commission decision before filing a claim. Cf. Sierra Club v. Chevron U.S.A., Inc., 834 F.2d 1517, 1523 (9th Cir.1987). Nor does there appear to be any law enabling the Commission to grant Mr. Perreten the relief he sought. The Commission held that "the PSC has no jurisdiction" to determine that Mr. Perreten stood next in line to fill the position, or to award wages and fringe benefits to him on account of the illegal abolition of the position. Under Montana law, the filing of a complaint before an administrative agency without jurisdiction to grant the remedy sought in the law suit does not cause the statute of limitations to be tolled. Erickson v. Croft, 760 P.2d 706 (Mont.1988).
 
 
 7
 Mr. Perreten pleaded no facts which would delay accrual of his cause of action until November 6, 1990. Nor did he plead any facts which would cause the statute of limitations to be equitably tolled until that date. His cause of action had accrued earlier, more than three years before he filed his law suit, so it was barred by the statute of limitations.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3